NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2812
_____

HUGO GERMAN CAMPOVERDE RIVERA,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent
_____

ON PETITION FOR REVIEW FROM REINSTATEMENT
OF A PRIOR ORDER OF REMOVAL
(Agency No. A073-242-167)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 23, 2015
_____

Before: HARDIMAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Filed: June 12, 2015)

_____

OPINION[*]
_____


GREENAWAY, JR., *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Hugo German Campoverde Rivera ("Rivera") seeks review of the order reinstating his deportation order, arguing that 8 U.S.C. § 1231(a)(5) is impermissibly retroactive as applied to him and that he was denied his right to counsel provided by 5 U.S.C. § 555 and 8 C.F.R. § 292.5(b). Since neither of these arguments has merit, we will affirm the order.

Rivera was granted voluntary departure on May 24, 1994. He did not voluntarily depart in the time provided, but did eventually leave on September 30, 1996. He reentered the country illegally in August 1997, married an American citizen on April 16, 2003, and applied for an adjustment of status on April 5, 2011. On April 22, 2014, his order of deportation was reinstated, pursuant to 8 U.S.C. § 1231(a)(5).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). *Dinnall v. Gonzales*, 421 F.3d 247, 251 n.6 (3d Cir. 2005). We review the legal questions presented de novo. *Id.* at 251.

In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). IIRIRA amended several parts of the Immigration and Nationality Act, including provisions related to reinstatement of orders of deportation for those who illegally reenter the United States. In relevant part, the revised statute provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).[1]

By its terms, this statute applies to Rivera since he reentered the country illegally after its effective date. *Avila-Macias v. Ashcroft*, 328 F.3d 108, 114 (3d Cir. 2003) ("Applying IIRIRA to [Avila-Macias]—an alien who was deported prior to its effective date, but who reentered afterwards—does not have an impermissible retroactive effect because the consequences of an illegal reentry at the time that he reentered are the consequences he faces now."). While Rivera argues that the Department of Labor certification he submitted on June 10, 1996 "grandfathers" him under the prior version of the reinstatement statute, thus apparently exempting him from the provision of the current statute, he offers no support for, or explanation of, this position.

As to Rivera's argument regarding the denial of his right to counsel, we have previously recognized that, pursuant to 8 C.F.R. § 241.8(a), "the alien is not allowed a hearing before an IJ, nor does the alien have a right to counsel" in a reinstatement proceeding. *Dinnall*, 421 F.3d at 253. Further, we have upheld the constitutionality of the summary procedures established in § 241.8(a) and found no due process violation. *Ponta-Garcia v. Att'y Gen.*, 557 F.3d 158, 162-63 (3d Cir. 2009).

For the foregoing reasons, we will affirm the order reinstating the deportation order.

---

[1] This change went into effect on April 1, 1997.

3